IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| T.S., by and through his next friend, P.O.; and G.A.; *individually and on behalf of all others similarly situated*, <br><br>　　　　　　　Plaintiffs, <br><br>　v. <br><br>THE BURKE FOUNDATION d/b/a BURKE CENTER FOR YOUTH, <br><br>　　　　　　　Defendant. | § § § § § § § § § § § § § §　CIVIL ACTION NO.: 1:19-cv-809-RP |

### DEFENDANT'S SUR-REPLY TO PLAINTIFFS' REPLY
### IN SUPPORT OF THEIR MOTION FOR CONDITIONAL CERTIFICATION

### I.
### DEFENDANT'S SUR-REPLY

Plaintiffs invite the Court to commit reversible error by asking the Court to disregard the statute of limitations applicable to the FLSA causes of action and then approve an overbroad notice to proposed class members outside of the scope of Plaintiffs' defined class. *See* [Doc. #25, pg. 6]. "Equitable tolling "is a narrow exception ... that should be 'applied sparingly.'" *See Sandoz v. Cingular Wireless, L.L.C.*, No. 15-30576, 675 Fed. Appx. 448, 2017 U.S. App. LEXIS 661, 2017 WL 150486, at *3 (5th Cir. Jan. 13, 2017)(quoting *Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 457 (5th Cir. 2011)). "It applies "only in 'rare and exceptional circumstances.'"" *See Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). "A district court may exercise its discretion to equitably toll the statute of limitations in an FLSA case if the plaintiff demonstrates that (1) he has been pursuing his rights diligently;

and (2) some extraordinary circumstance stood in his way and prevented timely filing." *See English v. Tex. Farm Bureau Bus. Corp.*, No. 6:17-CV-00323-ADA, 2019 U.S. Dist. LEXIS 178078, at *7-8 (W.D. Tex. 2019)(citing *Sandoz*, 700 F. App'x at 320 (applying *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 755, 193 L. Ed. 2d 652 (2016) in the FLSA collective action context). "The party who invokes equitable tolling bears the burden of proof." *Teemac*, 298 F.3d at 457.

Plaintiffs fail to meet that burden here and have provided no facts to support their argument equitable tolling applies. Furthermore, Plaintiffs' acknowledge that their attempt to insert their equitable tolling argument at the notice phase is premature and largely inappropriate absent facts or discovery justifying tolling. *See* [Doc. #25, pg. 6].

There is no justification to send notice to proposed class members that fall outside of the statute of limitations. In a footnote, Plaintiffs claim Defendant's denial that the FLSA is applicable to the Center or its residents somehow validates Plaintiffs' request to send a notice to proposed class members whose claims clearly are time-barred. Of course, it does not. Plaintiffs proffer no evidence that Defendant actively misled its residents or prevented them from asserting their rights. Because Plaintiffs cannot prove equitable tolling of the statute of limitations is justified here, the Court should deny Plaintiffs' request to expand the scope of its proposed class and reject Plaintiffs' request to send notice of conditional certification to individuals outside of the applicable statute of limitations. In the event this Court chooses to conditionally certify a class, Plaintiffs' proposed notice should be amended to adhere to the FLSA statute of limitations.

## II.
## CONCLUSION

Plaintiffs are not similarly situated to the proposed class. Plaintiff's Motion for Conditional Certification should accordingly be denied. In the alternative, Defendant requests that the Court

reject Plaintiffs' proposed notice and require the parties to confer and present a joint proposed notice subject to Court approval.

Respectfully submitted this 16th day of June 2020.

Respectfully submitted,

GORDON & REES, LLP

By: /s/ Roy E. Mathews
Robert A. Bragalone
State Bar No. 02855850
BBragalone@grsm.com
Roy E. Mathews
State Bar No. 24083459
RMathews@grsm.com

2200 Ross Avenue, Suite 3700
Dallas, TX 75201
(214) 231-4714 (Telephone)
(214) 461-4053 (Facsimile)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served June 16, 2020, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(b)(1). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Roy E. Mathews
Roy E. Mathews