IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| T.S., BY AND THROUGH HIS NEXT FRIEND, P.O.; AND G.A.; *individually and on behalf of all others similarly situated*, § § § § § | |
| Plaintiffs, § | |
| § | CIVIL ACTION NO. 1:19-CV-00809 |
| v. § | |
| § | |
| THE BURKE FOUNDATION § d/b/a BURKE CENTER FOR YOUTH, § § | |
| Defendant. § | |

### DEFENDANT THE BURKE FOUNDATION D/B/A BURKE CENTER FOR YOUTH'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL

**COMES NOW**, Defendant The Burke Foundation d/b/a Burke Center for Youth, (hereinafter "Defendant") and files this Response to Plaintiffs T.S., by and through his next friend, P.O, and G.A.'s, Individually and on behalf of others similarly situated, Motion to Compel (hereinafter "Motion") and shows unto the Court as follows:

### I.   BACKGROUND

On August 15, 2019, Plaintiffs who are former residents of Pathfinders Ranch, a residential treatment center ("RTC") for boys aged 11 to 18, filed suit against Defendant The Burke Foundation d/b/a Burke Center for Youth (hereinafter "Pathfinders-RTC" or "Defendant"), the ranch operator. Plaintiffs' Complaint alleges violations of the Fair Labor Standards Act, 29 U.SC. §§ 201, et seq. ("FLSA") and the Texas common law theories of quantum meruit, unjust enrichment, and money had and received. *See* Plfs. Complaint (Doc. 1) at pp. 14. Plaintiffs allege

themselves and other current and former residents of Pathfinders-RTC – "were regularly required and/or permitted by Pathfinders-RTC to perform hours of unskilled manual labor for non-chore 'Work Projects' and other working assignments without monetary compensation."[1]  *See* Plfs. Motion (Doc. 39) at pp 1.  Plaintiffs brought their FLSA claims as an "opt-in" collective action, and their Texas common law claims as an "opt-out" class action under Rule 23 of the Federal Rules of Civil Procedure.  On May 13, 2020, Plaintiffs filed their motion for conditional certification as an FLSA collective action and for notice to a proposed "FLSA Class".  *See* Plfs. Motion for Ntc. Class Members (Doc. 22).

Plaintiff served initial written discovery requests on June 18, 2020, to which Defendant responded on August 3, 2020 and provided Defendant's first supplementation on September 3, 2020.  On October 7, 2020, Plaintiffs served a discovery deficiency letter; as a result, the parties' counsel conferred on November 2, 2020, in which defense counsel agreed to provided supplementation to a number of Plaintiffs' requests.  During this teleconference, defense counsel explained to Plaintiffs' counsel how the expansive scope of Plaintiffs' requests imposed an undue burden on Defendant to provide responsive documentation.  Despite Plaintiffs' pending conditional class certification before this Court, Defendant argues Plaintiffs' requests are still incredibly overbroad and impose an undue burden on Defendant in order to comply and provide responsive documentation to a number of Plaintiffs' requests as outlined throughout this Response.

---

[1] All residents of Pathfinders-RTC, who are children with severe emotional disorders, are provided the opportunity to voluntarily participate in "Work Projects" or on-site chores, in order to acquire life skills; as a result and reward for this pro-social behavior, a resident may opt to receive "Burke Bucks" as a reward for participation in "Work Projects" which may be "spent" at the on-site Pathfinders-RTC store.

## II.   ARGUMENT AND AUTHORITIES

Under Rules 26(b)(1) and 26(b)(2)(C)(iii), a court has the ability and must limit proposed discovery that it determines is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, **the parties' relative access to relevant information, the parties' resources,** the importance of the discovery in resolving the issues, and **whether the burden or expense of the proposed discovery outweighs its likely benefit**—and the court must do so even in the absence of a motion (emphasis added). *See Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). A party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir. 1990). In sum, "[a] party served with written discovery must fully answer each interrogatory or document request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld." *Heller v. City of Dallas*, 303 F.R.D. 466, 485 (N.D. Tex. 2014).

Thus, as amended, Rule 26(b)(2)(C) provides that, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that the discovery sought is unreasonably cumulative or duplicative or the proposed discovery is outside the scope permitted by Rule 26(b)(1)." *See* 26(b)(2)(C), FED. R. CIV. P.

A.     **Verification of Defendant's responses to Plaintiffs' interrogatories**

Defendant agrees to supplement a Verification of Defendant's Responses to Plaintiffs' First Set of Interrogatories as required by Rule 33(b)(3) of the Federal Rules of Civil Procedure.

B.     **Defendant's valid objections to Plaintiffs' multiple requests encompassing attorney-client privileged communications and attorney work product**

In the Motion, Plaintiffs argue Defendant's objections to attorney-client privilege communications and the work-product doctrine in response to Requests for Production 2, 3, and 17 are not valid; or in the alternative, Defendant has failed to provide Plaintiff with sufficient detail to "understand whether any material had been withheld pursuant to the asserted privelege" in order to "evaluate whether the assertion was proper." *See* Plfs. Motion (Doc. 39) at pp. 3; *see also* 26(b)(5)(A)(ii), FED. R. CIV. PROC.  Plaintiff's Request for Production No. 2 is as follows:

> **REQUEST FOR PRODUCTION NO. 2:**     Please produce all records Defendant listed in its initial disclosures as documents, electronically stored information, and/or tangible things that Defendant has in its possession, custody, or control and may use to support its claims or defenses.

This Request appears to ask for (1) all records Defendant has listed in its initial disclosures as documents (previously produced as DEFPROD 000001-000959); (2) electronically stored information; and (3) tangible things that Defendant has in its possession, custody, or control and may use to support its claims.  This Request is incredibly overbroad and fails to request specific information, other than documents listed in Defendant's initial disclosures, another objection raised by Defendant in response to this Request.  As worded, the Request appears to encompass any electronically stored information and tangible things in Defendant's possession, custody or control that may be used to support its claims or defenses, *i.e.* attorney voice memos; electronic communications between Defendant and defense counsel, etc.  To the extent, Plaintiff only requests all records, electronically stored information, and/or tangible things listed in Defendant's

initial disclosures and that Defendant has in its possession, custody or control and may use to support its claims or defenses, Defendant will withdraw its objections to attorney-client privilege and the work product doctrine.

Plaintiffs have also argued Defendant has failed to provide privilege disclosures required by Rule 26(b)(5) in response to Requests for Production Nos. 3 and 17.  26(b)(5)(A)(ii), Fed. R. Civ. Proc.  Requests for Production Nos. 3 and 17 are as follows:

> **REQUEST FOR PRODUCTION NO. 3:** Please produce all documents you relied upon, reviewed, or used to refresh your memory in answering or attempting to answer these Interrogatories and Requests for Production.

> **REQUEST FOR PRODUCTION NO. 17:** Please produce all communications, inter-office memoranda, meeting notes and/or minutes, presentations, recordings, text messages, emails, or other documents generated during the Relevant Period concerning this lawsuit, payment and/or nonpayment of Residents for work performed while at Pathfinders-RTC; any related allegations, investigations, or complaints other than this lawsuit; and/or Work Project participation by Plaintiffs and/or those Residents whose identities are sought through Interrogatory No. 2.

Request for Production No. 3 fails to make a specific request of the information sought by Plaintiffs; but encompasses any privileged communications between defense counsel in preparing answers to Plaintiffs' First Set of Interrogatories.  Defendant fails to understand what type of specific information Plaintiffs require to determine whether the assertion of privilege is proper in response to this Request.

Request for Production No. 17 uses the terms "Relevant Period" defined by Plaintiffs as "entire time period from August 15, 2008 to the time of trial."  *See* Plfs. Discovery Requests at pp. 3, attached hereto and incorporated herein for all purposes.  Plaintiffs requests "all communications, inter-office memoranda, meeting notes…text messages, emails, or other documents **generated during the Relevant time period concerning this lawsuit…**" Plaintiffs' Request is so incredibly overbroad and overreaching, in order to comply with Rule 26(b)(5),

Defendant would have to log **every** privileged communication; notes; reports; indexes of documents; emails between defense counsel regarding the claims of the case, etc., generated since suit was filed nearly a year and a half ago. Defendant argues this is a tremendous waste of both the parties' time, and with a more specific and tailored Request, Defendant may be able to provide a better response.

C.    **Defendant's Objections to the scope of Plaintiffs' requests**

Plaintiffs' argue Defendant has made boilerplate objections in response to Interrogatories Nos. 2, 3, 6, 8, 11, and 12 and Requests for Production Nos. 2, 3, 4, 5, 6, 7, 10, 13, 14, 16, and 17. Interrogatories Nos. 6 and 8 request information regarding the involvement of Defendant's employees in the development, implementation and supervision of "Work Projects" during the "Relevant Period." Though Defendant continues to argue the "Relevant Period" of 12 years is too expansive and presents an undue burden, Defendant provided Plaintiffs with a list of current and former employees who likely developed, implemented, and supervised "Work Projects" during this time period. Defendant does not keep a list of all "Work Projects" performed on the property; rather, Defendant creates Behavioral Reports for each resident, which provides information on the "Work Project" performed by that specific resident.[2] In order to identify a list of the employees who were involved in developing and supervising "Work Projects" during the "Relevant Period" and a description of the their involvement in "Work Projects", Defendant would have to pull each Behavioral Report out of every paper resident file for the past 12 years.

Defendant maintains approximately 75 filing cabinets of paper files in on-site storage, including resident files and files for approximately a dozen foster care organizations. Both

---

[2] "Resident" is defined by Plaintiffs as "any child currently or formerly admitted to and receiving domiciliary care from Pathfinders-RTC."

categories of files are intermixed and organized alphabetically. Therefore, Defendant argues to provide Plaintiffs with the requested information presents an undue burden on Defendant. Defendant applies this same undue burden argument to support its overbroad and burdensome objections to Interrogatory No. 2. The only documentation in Defendant's possession detailing the "Work Projects" performed on-site are documented in Behavior Reports located in the resident's paper file.[3]

Defendant did not object to the scope of Interrogatory No. 3; rather, Defendant objected to Request for Admission No. 1 as "ambiguous and misleading as the term 'paid' is undefined." *See See* Plfs. Discovery Requests at pp. 3, attached hereto and incorporated herein for all purposes. Defendant argued the term "paid" is subject to differing interpretations *i.e.* residents have the opportunity to be awarded "Burke Bucks" following completion of positive/pro-social behavior like "Work Projects", which can be used as currency in the Pathfinders-RTC on-site store. Further, Plaintiffs request Defendant list "every document no longer in Defendant's custody, possession, or control" that has been requested in Plaintiffs' Request for Production. Given Plaintiff's expansive Requests for Production, Defendant stands on its objection that Interrogatory No. 12 is overbroad and not reasonably limited in scope allowing Defendant to provide an accurate response. However, Defendant is not aware of any documentation missing, lost, destroyed or disposed of within the Relevant Period.

Plaintiffs argue Defendant has provided boilerplate objections to Requests for Production Nos. 4, 5, 6, 7, 10, 13, 14, and 16. Though Defendant still argues Plaintiffs' requests are overbroad as they are not reasonably limited in time; the larger issue is Plaintiffs' request any and every

---

[3] After both Plaintiffs left Pathfinders-RTC, some resident files were computerized; however, Defendant would still be required to review each resident's file from the past year for Behavioral Reports detailing the "Work Projects" performed.

document created in the last 12 years that refer or concern five different things. For instance, Request for Production No. 13 states "please produce all documents concerning any contract or agreement governing Work Projects in which Residents participated in the Relevant Period." This Request is so vague and ambiguous, Defendant is unsure what type of contracts or agreement Plaintiffs are requesting. Also, not only are Plaintiffs requesting the contracts or agreements themselves, but also any document that **concerns** these contracts and agreements.[4] Defendant argues the other Requests cited in Plaintiffs' Motion, Nos. 4, 5, 6, 7, 10, 14, and 16, either have similar issues or present an undue burden on Defendant as the requested information is contained in residents' paper files.

### D.     **Identification of witnesses and "Work Project" formation and implementation**

Interrogatory No. 6 and Request for Production No. 8 request a list of Defendant's employees involved in the implementation, supervision, and development of "Work Projects". As previously stated, Defendant does not keep a list of all "Work Projects" performed on the property; rather, this information is documented in Behavioral Reports located in individual resident files. The majority of Defendant's employees have most likely supervised a "Work Project" at one time or another during their employment. Without using a list to locate every resident file from on-site storage, reviewing those files and locating any Behavioral Reports, Defendant has no way of providing Plaintiffs' with a comprehensive list of every "Work Project" implemented by one of Defendant's employees during the "Relevant Period." Plaintiffs have been provided the resident files for both named Plaintiffs, which includes each Plaintiffs' Behavioral Reports.

In response to Interrogatory No. 10, Defendant has made a diligent effort to obtain the

---

[4] Plaintiffs defined "concerning" to mean "referring to, describing, evidencing or consisting."

name of all teachers from the UT Charter School who have awarded "Burke Bucks" to Pathfinders-RTC's residents. However, the UT Charter School has refused to provide a comprehensive list of all teachers. Again, Defendant does not keep a comprehensive list of each "Burke Buck" awarded to each resident. Defendant will supplement discovery with the UT Charter School's contact information.

E.  **Applicable Insurance Agreement**

Defendant agrees to supplement the applicable insurance policy.

### III.  REQUEST FOR ORAL ARGUMENT

Defendant requests oral argument on Plaintiffs' Motion to Compel and its Response.

### IV.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiffs' Motion to Compel be denied, and that this Court grant Defendant its fees, costs and expenses, as allowed by law, and such other and further relief, whether at law or equity, to which Defendant may be justly entitled.

Dated: January 28, 2021.                                   Respectfully submitted,

**GORDON & REES**

/s/ Robert A. Bragalone
**ROBERT A. BRAGALONE**
State Bar No. 02855850
BBragalone@grsm.com

2200 Ross Avenue, Suite 3700
Dallas, Texas 75201
214-231-4660 (Telephone)
214-461-4053 (Facsimile)

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served January 28, 2021, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(b)(1).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Robert A. Bragalone
Robert A. Bragalone