IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| T.S., by and through his next friend, N.O.; and G.A.; *individually and on behalf of all others similarly situated*, | § | |
| *Plaintiffs*, | § | CASE NO. 1:19-cv-809-RP |
| v. | § | |
| The Burke Foundation d/b/a Burke Center for Youth, | § | |
| *Defendant*. | § | |

**PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION TO DEFENDANT**

To: Defendant The Burke Foundation d/b/a Burke Center for Youth, via email to its attorneys of record, Roy E. Mathews and Robert A. Bragalone of Gordon Rees Scully Mansukhani, LLP.

These discovery requests are propounded to Defendant in accordance with Federal Rules of Civil Procedure 33, 34, and 36.

## INSTRUCTIONS

1. In the event the responding party is unable to fully answer one or more of the following after exercising due diligence, the party shall provide the most complete answer possible and specify the reason(s) for the inability to provide a complete response at the present time.

2. Should a privilege be asserted with respect to any part of any responsive information or document, please state the nature of the privilege claimed and the facts upon which such claim is based in sufficient detail to permit the Court to adjudicate the validity of the claim. To the extent any concerns raised by a claim of privilege could be quelled by the entry of a protective order (for example, issues related to the privacy and/or sensitivity of the information or documents sought), please confer with Plaintiffs' counsel about the feasibility of entering into an agreed protective order.

3. Plaintiffs request that Defendant Bates-stamp tangible documents produced in response to these requests.

4. If information responsive to discovery requests exists in electronic form, you must produce



Exhibit A

such information in compliance with Fed. R. Civ. P. 34. Electronically-stored information must be preserved in native format but may be produced in portable document format. Plaintiffs reserve the right to request that electronically-stored information be produced in its native format, including any meta-data or embedded data.

5. Document requests apply to all information in your possession, custody, or control, regardless of location and regardless of whether such information is held by you, your agents, principals, employees, representatives, attorneys, or any other person acting on your behalf.

6. These discovery requests are continuing in nature. If you become aware of, or acquire possession, custody, or control of additional responsive information documents, promptly supplement your responses.

## DEFINITIONS

1. **Child Rights:** means the rights enumerated in 26 TEX. ADMIN. CODE ANN. § 748.1101.

2. **Communication:** means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

3. **Concerning:** means referring to, describing, evidencing, or constituting.

4. **Cost Reports:** means cost reports submitted by Defendant to Texas Health and Human Services pursuant to 24-hour Residential Child Care (24RCC) reporting requirements.

5. **Defendant, you, or your:** means Defendant The Burke Foundation, and, where applicable, any officer, employee, or agent of The Burke Foundation.

6. **Document:** means and is equal in scope to the usage of this term in Federal Rules of Civil Procedure 34(a). The word "document" means both information that is fixed in a tangible medium, such as paper, and electronically stored information. It includes, but is not limited to, writings, drawings, films, charts, photographs, notices, memoranda, diaries, minutes, correspondence, books, journals, ledgers, reports, worksheets, notes, emails, letters, abstracts, audits, checks, diagrams, drafts, instructions, lists, logs, resumes, summaries, text messages, instant messages, and messages sent through other web-based platforms. A draft of a nonidentical copy is a separate document within the meaning of this term.

7. **Identify:** when referring:

a. to a natural person, means to state his or her full name, present or last known business and residence address, email address(es), and phone numbers; job title (or general description if no formal title exists); and present and past relationship to any party;

b. to a public or private corporation, partnership, association, or other organization, or to a governmental agency, means to state its full name and present or last known business address and phone number, and present and past relationship to any party;

c. to a statement or oral communication, means to identify who made it, who took or recorded it, and all other, if any, present during the making thereof; to state when where and how it was taken or recorded, and to identify who was present or in last known possession, custody, or control thereof;

d. to any tangible thing, means to give a reasonably detailed description thereof, including, if applicable, when, where, and how it was made; to identify who made it; and to identify who has or had last known possession, custody or control thereof; and

e. to a writing, document or record, means to state the name of the person who prepared it; who signed it or in whose name it was issued; to whom it was addressed or distributed; the nature and substance of the writing with sufficient particularity to enable it to be identified; its date, and if it bears no date, then the date when it was prepared; and its physical location and the names and addresses of its custodian or custodians.

8. **Off-site:** means taking place off the premises of Pathfinders-RTC.

9. **Pathfinders-RTC:** means the residential treatment center commonly known as "Pathfinder's Ranch," "Pathfinders Ranch," and/or "Pathfinder Ranch," and operated by Defendant at or around 20800 FM 150 W, Driftwood, Texas, 78619.

10. **Pay:** means to compensate with currency.

11. **Person(s):** means person or persons, and includes any natural person, partnership, corporation, association, joint venture, proprietorship, firm, agency, or other entity.

12. **Relevant Period:** means the entire time period from August 15, 2008[1] to the time of trial.

13. **Resident:** means any child currently or formerly admitted to and receiving domiciliary care from Pathfinders-RTC.

14. **Work Projects:** means non-disciplinary work tasks and/or work activities Residents were allowed or assigned to perform at Pathfinders-RTC, other than their routine chores.

---

[1] This period covers the longest limitations period directly at issue in this action. Pursuant to Section 16.001 of the Texas Civil Practice and Remedies Code, the four-year statute of limitations for Plaintiffs' and class members' state-law claims did not begin to run until class members turned 18.

## REQUEST FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1** Please admit or deny that, during the Relevant Period, you have never paid any Resident for participating in any Work Project.

## INTERROGATORIES

**INTERRGATORY NO. 1** Please identify each Person from whom information was sought or obtained to answer these Interrogatories and Requests for Production. If more than one person is identified, please provide the interrogatory and/or request for production number(s) that each person participated in answering.

**INTERRGATORY NO. 2** Please identify each Resident who participated in any Work Project at Pathfinders-RTC at any time during the Relevant Period. For the purposes of this interrogatory, in addition to the information listed in ¶ 7. (a.) of the Definitions above, to "identify" includes providing (to the extent known) each Resident's: birthdate, dates of residency at Pathfinders-RTC, and all known contact information (including but not limited to each Resident's personal contact information, as well as identification of his parents or guardians, managing conservators, guardians ad litem, attorneys ad litem, Texas Department of Family and Protective Services caseworkers and caseworker supervisors, Court Appointed Special Advocates volunteers, and the court with jurisdiction over each Resident).

**INTERRGATORY NO. 3** To the extent you deny Plaintiffs' Request for Admission No. 1, please provide the general factual basis of your denial, including identifying any Resident(s) you have paid to participate in any Work Project during the Relevant Period, identifying the Work Project(s) for which remuneration was provided, and identifying the amount(s) paid as compensation for participation in the Work Project(s).

**INTERRGATORY NO. 4** Please identify each Resident who is working, or who previously worked, in Off-site employment for a non-Defendant employer during the Relevant Period.

**INTERRGATORY NO. 5** Please identify all Persons who are or were employees of Pathfinders-RTC at any time during the Relevant Period. For the purposes of this interrogatory, in addition to the information listed in ¶ 7. (a.) of the Definitions above, to "identify" includes providing each employee's dates of employment at Pathfinders-RTC and listing all job positions that each employee held throughout the Relevant Period.

**INTERRGATORY NO. 6** Please identify all Persons who, at any time during the Relevant Period, were involved in developing Work Projects, implementing Work Projects, assigning or offering Work Project opportunities to Residents, scheduling Work Projects, and/or supervising Residents' participation in Work Projects. For the purposes of this interrogatory, in addition to the information listed in ¶ 7. (a.) of the Definitions above, to "identify" includes providing a general description of each Person's involvement with Work Projects and the date range of their involvement with Work Projects during the Relevant Period.

**INTERRGATORY NO. 7** Please identify all Off-Site Work Projects that were performed by Residents during the Relevant Period. For the purposes of this interrogatory, to "identify" includes

providing a description of the work performed, the date(s) of the work performed, the location and owner of the work site, and the information listed in ¶ 7 (a.) of the Definitions above for all Persons who participated in the Work Project, developed the Work Project, supervised the Work Project, and benefited from the Work Project.

**INTERRGATORY NO. 8** Please identify each of your current or former employees who, at any time during the Relevant Period, have performed labor for the maintenance, upkeep, and/or improvement of Pathfinders-RTC's facilities, buildings, equipment, animals, and/or land, including but not limited to general maintenance, construction, demolition, repairs, renovation, land clearing, landscaping, yardwork, fence installation, plumbing work, janitorial and cleaning work, food preparation and serving, dishwashing, vehicle washing and maintenance, barn work, and/or animal care. For the purposes of this interrogatory, in addition to the information listed in ¶ 7. (a.) of the Definitions above, to "identify" includes providing a general description of each employee's maintenance/upkeep duties, and the date range(s) of their performance of maintenance/upkeep labor during the Relevant Period.

**INTERRGATORY NO. 9** Please identify any non-employee Persons who, at any time during the Relevant Period, you compensated to perform or furnish labor for the maintenance, upkeep, and/or improvement of Pathfinders-RTC's facilities, buildings, equipment, animals, and/or land, including but not limited to general maintenance, construction, demolition, repairs, renovation, land clearing, landscaping, yardwork, fence installation, plumbing work, janitorial and cleaning work, food preparation and serving, dishwashing, vehicle washing and maintenance, barn work, and/or animal care. For the purposes of this interrogatory, in addition to the information listed in ¶ 7. (a.-b.) of the Definitions above, to "identify" includes providing a general description of the maintenance/upkeep duties each Person was retained to perform, and the date range(s) during which they provided these services during the Relevant Period.

**INTERRGATORY NO. 10** Please identify any and all Persons who, at any time during the Relevant Period, have been responsible for awarding Burke Bucks, points, or similar rewards to Residents.

**INTERRGATORY NO. 11** Please identify each instance in which a complaint has been brought against you or you have been reviewed, examined, investigated, cited, warned, sued, threatened with suit, and/or subjected to any finding and/or action concerning: (1) alleged violations of any wage-related state or federal employment laws (including but not limited to the Fair Labor Standards Act, the Texas Minimum Wage Act, and/or the Texas Payday Law); (2) alleged failure to pay any Resident for work performed while at Pathfinders-RTC; (3) alleged failure to meet fiscal requirements with respect to keeping Residents' funds separate from Pathfinders-RTC's funds; and/or (4) failure to properly disburse or otherwise handle funds belonging to Residents. For the purposes of this interrogatory, to "identify" means to provide the identities of Persons involved, in accordance with ¶ 7(a.) of the Definitions above; the style, cause number, and court or agency in which any formal investigation or action was/is pending; the name of the agency involved, if any; and the date and outcome of the complaint, review, investigation, warning, suit, etc.

**INTERRGATORY NO. 12** If any document requested in Plaintiffs' Requests for Production

was once but is no longer in your custody, possession, or control, for each such document state whether it (a) is missing or lost, (b) has been destroyed, or (c) has been otherwise disposed of. In each such instance, fully identify the document as defined above, explain the circumstances surrounding its disposition, and state the date or approximate date thereof. If the documents are unavailable because they have been destroyed, state further the identity of the person who ordered them destroyed and/or who destroyed them together with the reason for their destruction.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1** Please produce any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment.

**REQUEST FOR PRODUCTION NO. 2** Please produce all records Defendant listed in its initial disclosures as documents, electronically stored information, and/or tangible things that Defendant has in its possession, custody, or control and may use to support its claims or defenses.

**REQUEST FOR PRODUCTION NO. 3** Please produce all documents you relied upon, reviewed, or used to refresh your memory in answering or attempting to answer these Interrogatories and Requests for Production.

**REQUEST FOR PRODUCTION NO. 4** Please produce all floor plans, maps, diagrams, and similar documents concerning the dimensions and layout of Pathfinders-RTC's buildings, facilities, land, and any other indoor and outdoor spaces during the Relevant Period.

**REQUEST FOR PRODUCTION NO. 5** Please produce your files for each Resident identified in response to Interrogatory No. 2, including but not limited to documents concerning:

a) program intake and admission, transfer or discharge; and Review and Dismissal Committee reports;
b) confirmation of explanation of Child Rights;
c) service plans, treatment objectives, and any related progress reports;
d) education plans, goals, and objectives, including but not limited to Individualized Education Plans, school records, and any related progress reports;
e) vocational plans, training, or services; transition plans; and Preparation for Adult Living and/or life-skills training progress reports and/or logs;
f) behavioral intervention plans; behavior reports, including but not limited to daily progress logs, weekly progress logs, monthly logs, and points and/or "extra points" logs; and any other records concerning points and/or Burke Bucks earned, awarded, spent and/or deducted;
g) participation in Work Projects during the Relevant Period, including dates of participation; time spent in participation; descriptions of the tasks observed or performed; and money, Burke Bukes, points, or other reward or remuneration earned and/or received for participation;
h) money earned during residency at Pathfinders-RTC; Pathfinder Resident Fund Logs, and any other records of money received, deposited, and/or held for each Resident; and Off-site employment records;

i) chore work assigned and/or performed during residency at Pathfinders-RTC during the Relevant Period, including dates of participation, description of tasks performed; and time spent on chore work;
j) discipline records, including but not limited to notable behavior and/or incident reports;
k) physical, psychological, and/or or mental health evaluations performed before or during residency at Pathfinders-RTC; mental-health-related prescriptions; and treatment and therapy records and notes.

**REQUEST FOR PRODUCTION NO. 6** Please produce all documents concerning Defendant's policies, practices, or instructions (whether formal or informal) that were applicable at Pathfinders-RTC during the Relevant Period concerning:

a) Resident admission and/or placements, including but not limited to admission criteria, mission statements, statements of purpose, and descriptions of Pathfinders-RTC's program goals, services provided, and the types of treatment services the program is designed to provide;
b) fiscal practices regarding keeping Residents' funds separate from program funds; classification, handling, and disbursement of funds belonging to Residents; payments to Residents for any work performed while at Pathfinders-RTC; and/or program expectations and how Residents could earn monetary rewards from past, current, and/or future programs;
c) physical and mental health treatment services for Residents, including treatment for emotional disorders or disturbances;
d) vocational training services for Residents;
e) educational services for Residents;
f) Resident conduct and behavior expectations, as well as related incentive and disciplinary systems, programs, and actions;
g) the purpose, use, allocation, award, deduction, and logging and/or tracking of Burke Bucks and/or points for Residents.
h) classification of activities as chores, and Resident chore performance expectations, requirements, assignments, scheduling, and tracking of participation;
i) Off-site Resident activities and/or employment opportunity participation;
j) wage and hour procedures regarding employee compensation, including but not limited to determination of compensable employee time and tracking of employee time worked; and
k) the maintenance, retention, preservation, or destruction of records concerning Residents or employees of Pathfinders-RTC.

**REQUEST FOR PRODUCTION NO. 7** Please produce all documents concerning the education and/or qualifications of any Person identified in response to Interrogatory No. 6 concerning their ability to educate and/or provide therapy, vocational training, and/or vocational counseling.

**REQUEST FOR PRODUCTION NO. 8** Please produce all documents concerning Defendants' formation and implementation of Work Projects during the Relevant Period, including but not limited to documents concerning the type of work performed on Work Projects, the method of performing the work, the supervision of the work, the assignment or offering of work to Residents, management of Residents performing the work, and logging and/or tracking time spent

by Residents and/or employees on Work Projects.

**REQUEST FOR PRODUCTION NO. 9** Please produce all documents concerning any costs incurred by Defendant to develop, implement, conduct and/or supervise any Work Projects in which any Residents participated during the Relevant Period.

**REQUEST FOR PRODUCTION NO. 10** Please produce all documents concerning any educational value; vocational training value, and/or therapeutic value of any Work Projects in which any Residents participated during the Relevant Period.

**REQUEST FOR PRODUCTION NO. 11** Please produce all documents concerning the number of hours spent by your employees each week during the Relevant Period performing labor for the maintenance, upkeep, and/or improvement of Pathfinders-RTC's facilities, buildings, equipment, animals, and/or land, including but not limited to general maintenance, construction, demolition, repairs, renovation, land clearing, landscaping, yardwork, fence installation, plumbing work, janitorial and cleaning work, food preparation and serving, dishwashing, vehicle washing and maintenance, barn work, and/or animal care. Such documents may include but are not limited to time sheets, time cards, work schedules, notes, and any other documents from which employees' relevant work hours may be calculated.

**REQUEST FOR PRODUCTION NO. 12** Please produce all employee handbooks that applied to the work of your employees of Pathfinders-RTC during the Relevant Period.

**REQUEST FOR PRODUCTION NO. 13** Please produce all documents concerning any contracts or agreements governing any Work Projects in which Residents participated during the Relevant Period.

**REQUEST FOR PRODUCTION NO. 14** Please produce all documents—including but not limited to payroll records, invoices, contracts, and receipts—concerning any payments requested from or made by Defendant for the performance or furnishing of labor by any Person during the Relevant Period for the maintenance, upkeep, and/or improvement of Pathfinders-RTC's facilities, buildings, equipment, animals, and/or land, including but not limited to general maintenance, construction, demolition, repairs, renovation, land clearing, landscaping, yardwork, fence installation, plumbing work, janitorial and cleaning work, food preparation and serving, dishwashing, vehicle washing and maintenance, barn work, and/or animal care.

**REQUEST FOR PRODUCTION NO. 15** Please produce all documents concerning any instance constituting a complaint, investigation, lawsuit, etc. identified in response to Interrogatory No. 11. This request expressly covers, but is not limited to, all documents concerning the investigation and related follow up initiated by the Texas Health and Human Services Commission and/or Texas Department of Family and Protective Services on 9/15/2015 in response to an allegation that "a child in care was not paid for work completed while at operation," and possibly known by Inspection ID 3494412 and/or Inspection Numbers 2165215 and/or 2136082.

**REQUEST FOR PRODUCTION NO. 16** Please produce your Cost Reports for each year in the Relevant Period.

**<u>REQUEST FOR PRODUCTION NO. 17</u>** Please produce all communications, inter-office memoranda, meeting notes and/or minutes, presentations, recordings, text messages, emails, or other documents generated during the Relevant Period concerning this lawsuit, payment and/or nonpayment of Residents for work performed while at Pathfinders-RTC; any related allegations, investigations, or complaints other than this lawsuit; and/or Work Project participation by Plaintiffs and/or those Residents whose identities are sought through Interrogatory No. 2.

Respectfully submitted,

By: /s/ Rebecca Eisenbrey

Rebecca C. Eisenbrey
State Bar No. 24097646
reisenbrey@equaljusticecenter.org
Anna Bocchini
State Bar No. 24057410
abocchini@equaljusticecenter.org
EQUAL JUSTICE CENTER
510 S. Congress Ave., Suite 206
(512) 474-0007 ext. 132

Ted Evans
State Bar No. 24099351
tevans@disabilityrightstx.org
DISABILITY RIGHTS TEXAS
1500 McGowen, Suite 100
Houston, Texas 77004
(832) 681-8224

Peter Hofer
State Bar No. 09777275
phofer@drtx.org
DISABILITY RIGHTS TEXAS
2222 West Braker Lane
Austin, Texas 78758
(512) 454-4816

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2020, I sent a true and correct copy of this document to the below-listed counsel for Defendants via email:

Robert A. Bragalone
State Bar No. 02855850
Roy E. Mathews
State Bar No. 24083459
2200 Ross Ave., Suite 4100W
Dallas, Texas 75201
T: 214.231.4725
F: 214.461.4053
bbragalone@grsm.com
rmathews@grsm.com

/s/ Rebecca Eisenbrey
Rebecca Eisenbrey