**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| T.S., by and through his next friend, P.O.; and G.A.; *individually and on behalf of all others similarly situated*, § § § § | |
| Plaintiffs, § § | |
| v. § § | CIVIL ACTION NO.: 1:19-cv-809-RP |
| THE BURKE FOUNDATION d/b/a BURKE CENTER FOR YOUTH, § § § § | |
| Defendant. § § § | |

**DEFENDANT THE BURKE FOUNDATION D/B/A BURKE CENTER FOR YOUTH'S
BRIEF REGARDING SUPPLEMENTAL AUTHORITY**

Defendant, The Burke Foundation d/b/a Burke Center for Youth ("Burke Center" or "Defendant"), by and through its undersigned counsel, hereby files this Brief analyzing *Swales et al. v. KLLM Transport Services, L.L.C,* 2021 WL 98229, at *1 (5th Cir. Jan. 12, 2021) (hereinafter "KLLM"), and the impact of this authority on the present case.

**I.  Residents who merely observed Work Projects are not entitled to compensation under the FLSA as a threshold issue**

In *KLLM,* the Fifth Circuit argued "the fact that a threshold question is intertwined with a merits question does not itself justify deferring those questions until after notice is sent out" and it is improper to ignore evidence of such. *Id.* at *7. As a result, *KLLM* encourages the district court to "identify, at the outset of the case, what facts and legal consideration will be material to determining whether a group of 'employees' is 'similarly situated." *Id.* As a threshold issue, Defendant argues not all residents of the Burke Center who "participated" or "engaged" in Work Projects performed physical activity warranting compensation under the FLSA.

EXHIBIT "A"

Work Projects are not limited to the general activities listed by Plaintiffs and more importantly are not limited to physical activities. (Doc. 22, Exhibit 1). The Burke Center often utilizes Work Projects to instruct its residents on the use of tools and machinery commonly used in the maintenance of a ranch. During these Work Projects, residents would watch and observe a staff member or a hired professional perform a task with a specific tool. Therefore, not all residents who participated in a Work Project were performing physical activity. Plaintiffs' Notice to potential class members fails to make that distinction stating "[h]ave you **done** a 'Work Project" and/or work assignments while living and receiving treatment at Pathfinders Ranch?" or are you a resident who "…in addition to their required daily chores, **engaged** in 'Work Projects'…" (Doc. 22, 22-3). As worded, this Notice would encompass those residents who merely observed a task being performed by a hired professional and other similar circumstances.

Further, residents of the Burke Center chose to participate on the Work Projects. Residents participated on Work Projects as volunteers and at their discretion. A resident's involvement on a Work Project was entirely dependent on the resident. According to *KLLM,* the district court should address this type of issue from the outset in deciding whether notice is necessary in order to determine the proper scope of the notice and that the notice is only sent to potential plaintiffs. *Id.* The notice as worded by Plaintiffs is far too broad and encompasses those residents who participated in Work Projects through observation only, and are not entitled to compensation under the FLSA.

## II.     Plaintiffs' suggested class is "too diverse" without the Court considering additional evidence

Plaintiffs' suggested class far too diverse according to the Court's opinion in *KLLM*. As previously stated, Plaintiff's suggested class encompasses residents who merely observed Work Projects being performed by hired professional and therefore not entitled to compensation under

the FLSA. In *KLLM,* the Court should "…'permit submission of additional evidence carefully limited to the disputed facts' before notice is sent." *Id.* at *6. The Court must evaluate the available evidence demonstrating each resident's involvement in each individual Work Project performed at the Burke Center. Defendant argues from this evidence only those residents who performed similar Work Projects as the Plaintiffs for approximately the same amount of time each week should be considered similarly situated. As noted in Defendant's Response to Plaintiffs' Motion to Compel, this information is notated on Behavior Reports contained in each resident's paper resident file. (Doc. 39). Every resident's paper file is located in onsite storage along with a number of paper files from several foster care agencies. These files are intermixed and organized alphabetically, not by year of residency at the Burke Center. The Burke Center maintains approximately 75 three-drawer filing cabinets of these paper files per state regulations.

## CONCLUSION

Defendant maintains the Plaintiffs are not similarly situated to the proposed class. In light of the *KLLM* decision*,* Plaintiffs' Motion for Conditional Certification should accordingly be denied; or, in the alternative, the proposed class should be limited to individuals participating in Work Projects similar to Plaintiffs for approximately the same amount of time each week. Further, Defendant requests that this Court reject Plaintiffs' proposed notice and require the parties to confer and present a joint proposed notice subject to Court approval.

Respectfully submitted this 3rd day of February.

Respectfully submitted,

GORDON & REES, LLP

By: /s/ Robert A. Bragalone

3

Robert A. Bragalone
State Bar No. 02855850
BBragalone@grsm.com

2200 Ross Avenue, Suite 3700
Dallas, TX 75201
(214) 231-4714 (Telephone)
(214) 461-4053 (Facsimile)

**ATTORNEYS FOR DEFENDANT**
**THE BURKE FOUNDATION D/B/A**
**BURKE CENTER FOR YOUTH**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served February 3, 2021, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(b)(1). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

*/s/ Robert A. Bragalone*
Robert A. Bragalone