IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| T.S., by and through his next friend, N.O., and G.A., *individually and on behalf of all others similarly situated*, | § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § § | CASE NO. 1:19-cv-809-RP |
| The Burke Foundation d/b/a Burke Center for Youth, | § § § § | |
| *Defendant*. | § | |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION
TO COMPEL WRITTEN DISCOVERY**

Plaintiffs' Motion to Compel (Doc. 39, "Motion") explains why Plaintiffs' requests for written discovery are directly relevant to the claims at issue and why the Court should order Defendant to respond to each request. In its Response in Opposition (Doc. 40, "Response"), Defendant generally asserts that Plaintiffs' requests seek privileged information, are unduly burdensome, or are overbroad, but (1) fails to explain its privilege objection, (2) fails to support its position that production is burdensome, (3) fails to explain how Plaintiffs' requests are overbroad, and (4) fails to justify its refusal to respond to discovery requests at least to the full extent that each is not objectionable. As a result, the Court should grant Plaintiffs' Motion.[1]

**1. Plaintiffs' Requests Do Not Target Privileged Information.**

Defendant attempts to justify its failure to respond to Requests for Production Nos. 3 and 17 by claiming that the former seeks "any privileged communications between defense counsel in

---

[1] Defendant agreed to, and did, supplement its interrogatory responses with verifications (Response at 4) and provide the insurance policy sought in Plaintiffs' Request for Production No. 1 (*id.* at 9). Any related arguments in Plaintiffs' Motion are therefore withdrawn.

*Reply in Support of Plaintiffs' Motion to Compel* 1

preparing answers to Plaintiffs' First Set of Interrogatories," and that responding to the latter would require Defendant "to log **every** privileged communication . . . generated since suit was filed nearly a year and a half ago." (Response at 5–6.) These concerns cannot be sincere. It is plain from the text of the requests that Plaintiffs are seeking documents created and maintained by Defendant in its regular course of business, not obviously privileged categories of documents like "communications between defense counsel in preparing answers to Plaintiffs' First Set of Interrogatories" or "emails between defense counsel regarding the claims of the case." (*See* Doc. 39-1, "First Set of Discovery Requests," at 6, 9; Response at 5, 6.) Defendant's counsel must be aware that the requirements of Federal Rule of Civil Procedure 26(b)(5)(A)(ii) would have been satisfied by a brief statement that, for example, all communications between Defendant and its attorneys were being withheld on grounds of attorney client privilege, and all of defense counsel's notes and drafts were being withheld under the work-product doctrine.

Furthermore, Defendant's Response raises more questions than it answers. Defendant claims that in order to respond to Request for Production No. 17 in compliance with Rule 26(b)(5), it would need to log "notes," "reports," and "indexes of documents." (Response at 6.) But not all such documents are protected from discovery, *e.g.*, *D Fisher v. United States*, 425 U.S. 391, 403 (1976) (attorney-client privilege protects "only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege"); FED. R. CIV. P. 26(b)(3), Notes of Advisory Committee (documents and materials assembled in the ordinary course of business or pursuant to public requirements unrelated to the litigation, or for other nonlitigation purposes, are not entitled to work product protection), and some may be offered more protection than others, *Doe v. Baylor Univ.*, 335 F.R.D. 476, 487 (W.D. Tex. 2020) ("The level of protection depends on whether the materials constitute 'opinion' work product or non-opinion, 'fact' work

product."). To the extent that Defendant has withheld, on grounds of privilege, anything beyond confidential communications with counsel and documents consisting of counsel's opinions, mental impressions, or legal theories, a privilege log is plainly necessary.

2. **Defendant Fails to Explain How or Why Production Would Be Burdensome.**

Although Defendant repeatedly attests that complying with Plaintiffs' discovery requests would be unduly burdensome, the closest it comes to revealing the nature of this burden is the observation that "Defendant maintains approximately 75 filing cabinets of paper files in on-site storage," including resident files and files for other organizations, which "are intermixed and organized alphabetically." (Response at 6–7.) This is plainly insufficient. "A party resisting discovery must show how the requested discovery is . . . unduly burdensome . . . by submitting affidavits or offering evidence revealing the nature of the burden." *English v. Tex. Farm Bureau Bus. Corp.*, 462 F. Supp. 3d 667, 669 (W.D. Tex. 2020). Defendant has done nothing to suggest that pulling residents' paper files from alphabetized, on-site storage would be difficult or expensive, nor has it demonstrated that searching those files for the requested information would be unreasonably time-intensive.[2] As a result, its objections must be overruled. *Id.*; *see also Cty. of Cook v. Bank of Am. Corp.*, No. 14 C 2280, 2019 U.S. Dist. LEXIS 203931, at *7 (N.D. Ill. 2019) (granting motion to compel where defendants asserted that production would "require a manual, time-intensive process that entails review of thousands of historic records" but failed to explain "what specific burdens production would impose" or to "submit[] a declaration providing

---

[2] Defendant states that, in order to respond to Interrogatory No. 6 and Request for Production No. 8, it would have to "us[e] a list to locate every resident file from on-site storage, review[] those files and locat[e] any Behavioral Reports." (Response at 8.) This is a description of the steps that compliance would require, not of undue burden; Defendant wholly fails to estimate how much time this would take, propose how much manpower it would involve, or offer anything else that would aid the Court in evaluating its claim of undue burden.

information regarding the time or expense involved in producing these documents").

3. **Plaintiffs' Requests Are Not Overbroad.**

Defendant also refuses to explain the extent to which any individual request is overbroad.[3] Instead, it argues, bizarrely, that Plaintiffs request "any and every document created in the last 12 years that refer or concern five different things." (Response at 8.) Although Defendant cites no authority, Plaintiffs interpret this as an argument that some requests are overly broad because of their use of the term "concerning." The "omnibus term" rule arose in the District of Kansas, *see Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 667 (D. Kan. 2004), and has not been adopted by this Court.[4] Furthermore, the rule applies "only when the omnibus term is used with respect to a general category or group of documents." *Id*. (internal quotations omitted). "When . . . the omnibus phrase modifies a specific type of document or specific event, rather than a large category or all documents or events, the [challenged] request is not deemed overly broad on its face." *Id*. at 667–68. Plaintiffs' specific, carefully-drawn requests would thus plainly be sufficient even if the omnibus term rule were to apply.

Additionally, Defendant notes that it "did not object to the scope of Interrogatory No. 3"; instead, it objected to the interrogatory's predicate, Request for Admission No. 1, because "the term 'paid' is undefined." (Response at 7.) While it is true that Defendant refused to answer Request for Admission No. 1, it is false that the term "paid" is undefined or otherwise "ambiguous or misleading" (*id*.): Plaintiffs defined "pay," for purposes of their discovery requests, as "to compensate with currency." (First Set of Discovery Requests at 3.) Defendant suggests that it

---

[3] Defendant asserts that "the 'Relevant Period' of 12 years is too expansive and presents an undue burden," but makes no argument as to why the period is overly broad or how it presents any burden. (Response at 6.)

[4] Indeed, the Western District's Local Rules specifically contemplate the routine use of the term "concerning" within parties' written discovery requests. *See* CV-26(b.)(7.)

understands "currency" to potentially refer to both societally-recognized money as well as Defendant's token "Burke Bucks," which residents "have the opportunity to be awarded . . . following completion of positive/pro-social behavior like 'Work Projects.'" (Response at 7.) However, Defendant did not identify a single resident who was in fact compensated with "currency" in the form of money *or* "Burke Bucks" for participating in Work Projects during the relevant period in response to Interrogatory No. 3's specific prompt for such information. (*See* Doc. 39-4, "Defendant's Amended and Supplemental Responses," at 6–7). Thus, Defendant is either evasively withholding relevant, responsive information "subject to" its objection, or improperly qualified its response to Request for Admission No. 1 in order to avoid admitting that it did not pay residents. The Court should therefore compel Defendant to respond in full to Interrogatory No. 3 or—if it cannot identify a single resident who was compensated in any arguable form of currency—to amend its response to Request for Admission No. 1.

**4. Defendant Must Respond at Least to the Extent that Requests Are not Objectionable**

Defendant acknowledges that "[a] party served with written discovery must fully answer each interrogatory or document request to the full extent that it is not objectionable." (Response at 3, quoting *Heller v. City of Dallas*, 303 F.R.D. 466, 485 (N.D. Tex. 2014)). Yet in its Response Defendant again refuses to comply with its obligation, failing to propose and respond to any non-objectionable subset of any request. The Court should therefore hold that Defendant's stated objections are improper and that any grounds not stated in a timely, proper objection are waived. *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989).

## **CONCLUSION**

"[A] party who has objected to a discovery request must, in response to a motion to compel, urge and argue in support of its objection to a request, and, if he does not, he waives the objection."

*Crownover v. Crownover*, Civil Action No. 2:15-CV-132-AM-CW, 2017 U.S. Dist. LEXIS 223994, at *2 (W.D. Tex. 2017) (quoting *OrchestrateHR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 507 (N.D. Tex. 2016)) (alteration in original). For the reasons stated in Plaintiffs' Motion, and because of Defendant's lack of persuasive response, the Court should order Defendant to respond in full to Plaintiffs' First Set of Discovery Requests.

Dated: February 3, 2021                  Respectfully submitted,

                                             By:     /s/ Rebecca Eisenbrey
                                                        Rebecca C. Eisenbrey
                                                        State Bar No.: 24097646
                                                        reisenbrey@equaljusticecenter.org
                                                        Anna Bocchini
                                                        Texas State Bar No.: 24057410
                                                        abocchni@equaljusticecenter.org
                                                        EQUAL JUSTICE CENTER
                                                        314 E Highland Mall Boulevard, Suite 401
                                                        Austin, Texas 78752
                                                        Tel (512) 474-0007, ext. 132

                                                        Ted Evans
                                                        State Bar No. 24099351
                                                        tevans@disabilityrightstx.org
                                                        DISABILITY RIGHTS TEXAS
                                                        6800 Park Ten Boulevard, Suite 208N
                                                        San Antonio, Texas 78213
                                                        (832) 681-8224

                                                        Peter Hofer
                                                        State Bar No. 09777275
                                                        phofer@drtx.org
                                                        DISABILITY RIGHTS TEXAS
                                                        2222 West Braker Lane
                                                        Austin, Texas 78758
                                                        (512) 454-4816

                                                        ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

  I, the undersigned attorney of record for Plaintiffs, certify that on February 3, 2021, a true and correct copy of this Notice was filed and served on counsel for Defendant through the Court's CM/ECF system.

                <u>/s/ Rebecca C. Eisenbrey</u>
                Rebecca C. Eisenbrey
                Attorney for Plaintiffs