IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| T.S., *by and through his next friend,* N.O. and G.A., *individually and on behalf of all others similarly situated,* | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:19-CV-809-RP |
| THE BURKE FOUNDATION, d/b/a BURKE CENTER FOR YOUTH, | § § § § | |
| Defendant. | § § | |

## ORDER

Before the Court is Plaintiffs T.S. and G.A.'s (together, "Plaintiffs") Motion for Equitable Tolling. (Dkt. 93). Defendant The Burke Foundation ("Burke") filed a response, (Dkt. 94), and Plaintiffs filed a reply, (Dkt. 95). Having considered the parties' arguments, the record, and the relevant law, the Court finds that the motion should be granted.

## I. BACKGROUND

This is a Fair Labor Standards Act ("FLSA") putative class action concerning compensation for residents of Defendant Burke Foundation d/b/a Burke Center for Youth's ("Burke") Pathfinders Ranch ("Pathfinders-RTC"), a residential treatment center for minor boys with "severe emotional or mental-health issues." (Am. Compl., Dkt. 19, at 3, 13). All residents of Pathfinders-RTC must be professionally diagnosed with emotional or mental disorders and have severe problems in one or more areas of functioning. (Mot. Toll., Dkt. 93, at 2). Plaintiffs allege that they and other residents worked on various assignments without pay and that Burke failed to keep accurate records of their work. (*Id.* at 10–11, 14). According to Plaintiffs, their work went far beyond

1

daily chores and instead included significant unpaid labor, such as upkeep on Defendant's ranch, that should have been compensated with wages. (*Id.* at 2–3).

Over the past two years, this case has slowly progressed through the early stages of class certification. On May 13, 2020, Plaintiffs filed a motion to provide notice to potential class members and for conditional certification, (Mot., Dkt. 22), which the Court granted on February 22, 2021. (Order, Dkt. 46). On September 21, 2021, Plaintiffs filed a motion to supplement their notice to include the ability to contact potential class members' family, (Mot., Dkt. 65), which the Court granted on August 3, 2022. (Order, Dkt. 84). Since that time, Plaintiffs have been filing opt-in notices from potential class members, and now have 30 total individuals who have opted into the suit.

Given the length of the notice period, Plaintiff now seeks equitable tolling for 28 opt-in Plaintiffs ("the opt-in Plaintiffs"), some or all of whom fall outside the FLSA's two-year statute of limitations. (*Id.* at 4). Absent equitable tolling, the opt-in Plaintiffs will lose all or part of their FLSA claims. (*Id.*). The motion for equitable tolling argues that the opt-in Plaintiffs were unaware that they might be considered legal employees of Defendant. (*Id.* at 5). Because of their particular vulnerabilities, including mental disabilities, lack of stable family relationships, status as minor children, and Defendant's failure to post FLSA signs, the opt-in Plaintiffs ask that their claims be equitably tolled. (*Id.*). Specifically, Plaintiffs request that their claims begin tolling from the date they received actual notice of their claims, which they state is the date that the opt-in Plaintiffs each received their class action notice from this suit. (*Id.* at 13).

Defendant opposes the motion on various grounds. (Def.'s Resp., Dkt. 94). It argues that the case presents no extraordinary circumstances, that Plaintiffs were not misled about their employment status, and that any ignorance of the FLSA would not justify equitable tolling. (*Id.* at 2–

13). Moreover, Defendant argues that its failure to post FLSA notices is immaterial, because the opt-in Plaintiffs should not be considered employees. (*Id.*).

## II. LEGAL STANDARD

The FLSA provides for a two-year statute of limitations and is extended an extra year for willful violations. 29 U.S.C. § 255(a). The limitations period for a plaintiff in a collective action under the FLSA runs until a plaintiff or putative class member opts-in by filing a Notice of Consent or files suit. 29 U.S.C. § 256. Equitable tolling of the statute of limitations can apply in FLSA cases. *See Holmberg v. Armbrecht*, 327 U.S. 392 397 (1946) ("This equitable doctrine is read into every federal statute of limitations."). The decision to allow equitable tolling of the statute of limitations rests in the discretion of the district court. *See Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011); *Teemac v. Henderson*, 298 F.3d 452, 456 (5th Cir. 2002); *Felder v. Johnson*, 204 F.3d 168, 175 (5th Cir. 2000). However, the Fifth Circuit strictly construes the FLSA's limitations provision, allowing equitable tolling only if it is shown that a plaintiff "acted diligently and the delay concerns extraordinary circumstances." *Shidler v. Alarm Sec. Grp., LLC*, 919 F. Supp. 2d 827, 830 (S.D. Tex. 2012) (citing *Caldwell v. Dretke*, 429 F.3d 521, 530 n.23 (5th Cir. 2005)); *Teemac*, 298 F.3d at 457.

"The party who invokes equitable tolling bears the burden of proof." *Teemac*, 298 F.3d at 457. "As when deciding any other motion on the pleadings, we assume the pleaded facts as true," and the question is whether "the plaintiff has pleaded facts that justify equitable tolling." *Id.* at 456. "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996); *Sandoz v. Cingular Wireless, LLC*, 769 F. Supp. 2d 1047, 1063 (W.D. La. 2010). "Courts may also grant equitable tolling when, 'despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.'" *Orozco v.*

*Anamia's Tex–Mex Inc*, 3:15–CV–2800–L–BK, 2016 WL 6311237, at *1 (N.D. Tex. Oct. 6, 2016) (quoting *Pacheco v. Rice*, 966 F.2d 904, 906–07 (5th Cir. 1992)).

## III. DISCUSSION

Plaintiffs raise two principal arguments in support of equitable tolling: (1) that the specific circumstances of minor children with disabilities made asserting claims extraordinarily difficult, and (2) that their inability to recognize the claims was exacerbated by Defendant's failure to post FLSA notices at the Pathfinders-RTC. The Court will address each in turn.

### A. Extraordinary Circumstances

Because the minors at Pathfinders-RTC represent a particularly vulnerable group, the opt-in Plaintiffs argue that their claims should be tolled. Specifically, Plaintiffs state that three factors warrant tolling: (1) the opt-in Plaintiffs were minors at the time of the alleged violations, (2) they have mental or emotional disabilities, and (3) they lacked stable family relationships. (Mot. Toll., Dkt. 93, at 9–11). While equitable tolling is discretionary and "does not lend itself to bright-line rules," the Fifth Circuit has repeatedly examined whether a claimant has the capacity and sophistication to manage his own affairs in determining if equitable tolling applies. *See Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) ("We have recognized the possibility that mental incompetency might support equitable tolling of a limitation period."); *Hood v. Sears, Roebuck & Co.*, 168 F.3d 231, 233 (5th Cir. 1999) (suggesting that the inquiry in equitable tolling is whether the impediment "prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them"); *Rowe v. Sullivan*, 967 F.2d 186 (5th Cir. 1992) ("Equitable tolling in Title VII cases may apply if a claimant, due to his lack of sophistication, does not understand the procedures."); *Rivera v. Quarterman*, 505 F.3d 349, 355 (5th Cir. 2007) (noting that an intellectual disability could be a "core element" of whether a habeas claim should be equitably tolled).

Outside the Fifth Circuit, courts have granted equitable tolling in FLSA claims where the employees faced unique hurdles to asserting their rights. *See, e.g., Ayala v. Tito Contractors, Inc.*, 82 F. Supp. 3d 279, 291 (D.D.C. 2015) (holding that where an employer's failure to post FLSA notice "pertained to employees with limited education," the totality of the circumstances compelled tolling); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 248, 259-60 (S.D.N.Y. 2008) (equitably tolling the statute of limitations where defendants failed to post required notices "and made no effort to provide any other form of notice to the [non-English-speaking] plaintiffs about their rights"); *Ramirez v. CSJ & Co.*, No. 06 CCIV 13677 (LAK), 2007 WL 1040363, at *3 (S.D.N.Y. Apr. 3, 2007) (denying motion to dismiss claim as time barred where the defendant who failed to post the required FLSA notices "took advantage of" employees who were "immigrants with few skills and limited education.").

In both those cases and the instant case, the plaintiffs faced unusually significant barriers in recognizing and asserting legal claims. As people with emotional or mental disabilities, the opt-in Plaintiffs faced unique hurdles to learn about or recognize violations of their legal rights that might come much more easily to others. (Mot. Toll., Dkt. 93, at 2–3). Their status as minors, moreover, compounds their inability to realize a potential employment violation. (*Id.*). Finally, unlike many other minors, the opt-in Plaintiffs did not have stable family relationships whose members might recognize violations on their behalf. (*Id.*). In short, the opt-in Plaintiffs were incapable of "understanding [their] legal rights and acting upon them." *Hood*, 168 F.3d at 233. Together, the opt-in Plaintiffs' status as minors with severe emotional disorders and few reliable family ties constitute circumstances that made it exceptionally difficult to assert their legal claims. While "extraordinary circumstances" is a high threshold, the Court finds that the opt-in Plaintiffs have met their burden in that regard. *Caldwell*, 429 F.3d at 530 n.23.

In its response, Defendant points out that Fifth Circuit law precludes equitable tolling simply because a plaintiff was ignorant of the law. (Def.'s Resp., Dkt. 94, at 11–12 (citing *Barrow v. New Orleans*, 932 F.2d 473 (5th Cir. 1991)). Here, the opt-in Plaintiffs' ignorance of the law alone does not warrant equitable tolling, nor do Plaintiffs argue that it should. (Pls.' Reply., Dkt. 95, at 9). Rather, the *reasons* why Plaintiffs were ignorant of the law speak to why their claims should be tolled: they were minors with disabilities and few reliable family ties. The opt-in Plaintiffs' circumstances speak to an unusually extreme inability to perceive a potential legal violation, ultimately leading to their ignorance of the FLSA. And even if the opt-in Plaintiffs did recognize a legal claim, their circumstances (which partially included living at the home they would have sued) would have made timely asserting that claim exceptionally difficult. Overall, the opt-in Plaintiffs' impediments go beyond simple ignorance of the law.

Defendant further argues that the opt-in Plaintiffs' impediments should not warrant equitable tolling because they had access to counsel who could have recognized the FLSA claims. (Def.'s Resp., Dkt. 94, at 12 (citing *Hood*, 168 F.3d at 233)). In *Hood*, the Fifth Circuit noted that mental illness could support equitable tolling, but the court ultimately declined to toll the plaintiff's claim because she had retained an employment attorney prior to the relevant EEOC deadline, showing that she was capable of asserting her legal rights. 168 F.3d at 233. Defendant argues that *Hood* should counsel against tolling because, in the instant case, each opt-in Plaintiff had a guardian ad litem and managing conservator during their residency at Pathfinders-RTC. (Def.'s Resp., Dkt. 94, at 12). In *Hood*, however, the plaintiff had timely retained an *employment* lawyer for her employment law claim. *Hood*, 168 F.3d at 233. Here, by contrast, there is no reason to think that guardians ad litem or conservators, both of whom presumably deal with family law issues, would have advised Plaintiffs as to their FLSA claims. And while caselaw on the issue is limited, at least

6

one Fifth Circuit case suggests that hiring an attorney only negates equitable tolling if the hiring relates to the claim asserted. *See Clark v. Resistoflex Co.*, 854 F.2d 762, 768 (5th Cir. 1988) ("[T]he filing period is tolled unless or until the employee . . . acquires the "means" of such knowledge by consulting an attorney *about the discriminatory act*.") (emphasis added). The availability of counsel for family law court does not mean that the opt-in Plaintiffs had relevant knowledge of any unrelated potential employment law claims.

Finally, equitable tolling is justified because the opt-in Plaintiffs have diligently pursued their claims once they were notified. *See Shidler v. Alarm Sec. Grp., LLC*, 919 F. Supp. 2d 827, 830 (S.D. Tex. 2012) (acting within a month was diligent). The opt-in Plaintiffs state that they were unaware of the FLSA until they received a Court-authorized notice regarding this litigation. (Mot. Toll., Dkt. 93, at 5–6). Every opt-in Plaintiff sent in their consent forms within six weeks of receipt. (*Id.*). The large majority sent them in within a week. (*Id.*). This short turnaround adds support to the notion that any delay in asserting claims was not due to dilatory conduct or indecisiveness, but rather the specific circumstances that limited the opt-in Plaintiffs' ability to recognize and assert their legal rights.

## B. Whether the Opt-In Plaintiffs are Employees

Beyond the opt-in Plaintiffs' unique circumstances, Plaintiffs argue that equitable tolling is justified because Defendant failed to post the required FLSA notices at the worksite. The Department of Labor ("DOL") requires employers to post a notice to employees informing them generally about their right to receive the minimum wage and overtime compensation. *See* 29 C.F.R. § 516.4. As both parties note, "there is a split of authority over whether an employer's failure to post the notice required under 29 C.F.R. § 516.4 is alone sufficient to warrant equitable tolling until a plaintiff acquires actual knowledge" of their rights. (Mot. Toll., Dkt. 93, at 7). In *Cruz v. Maypa*, the Fourth Circuit held that an employer's nonperformance of its duty to post FLSA notices was, by

itself, justification for equitable tolling where the plaintiff lacked knowledge of her FLSA rights. 773 F.3d 138, 146–47 (4th Cir. 2014). In the context of ADEA claims, the Fifth Circuit has held, "When it is found that the employer has failed to post the notice required by this section, equitable tolling can be applied." *Clark*, 854 F.2d at 767 (citing *Elliott v. Group Med. & Surgical Serv.*, 714 F.2d 556, 563–64 (5th Cir. 1983) *and Charlier v. S.C. Johnson & Son, Inc.*, 556 F.2d 761 (5th Cir. 1977)). The Fifth Circuit further noted, "If, however, the employer fails to discharge its duty under section 627 as to a particular employee, the filing period is tolled unless or until the employee has acquired actual knowledge of his ADEA rights or acquires the 'means' of such knowledge by consulting an attorney about the discriminatory act." *Id.* at 768.

In a recent case, the Third Circuit addressed a similar scenario involving the failure to post FLSA signs where the defendant did not consider plaintiffs "employees." *Burrell v. Staff*, 60 F.4th 25 (3d Cir. 2023). In that case, a group of incarcerated individuals filed a claim for unpaid wages under the FLSA, among other claims. *Id.* Defendants contested the FLSA claim on grounds of both untimeliness and whether the individuals were legally employees of the prison. *Id.* at 42. The Third Circuit held that the plaintiffs had alleged sufficient facts that they were employees, and that their claims were not time barred because Defendants had failed to provide notice and actively mislead plaintiffs about their employment rights. *Id.* at 42–48. Here, too, Plaintiffs have alleged facts which plausibly suggest they were employees, not volunteers. They have made a prima facie case of unpaid labor, and the Court need not delve into a burden-shifting evidentiary framework to determine if they are properly classified as employees when discovery in the case is not yet finished.

Moreover, as in *Burrell*, the alleged misclassification of employees may justify equitable tolling more than the actual failure to post FLSA notices. As the Third Circuit held,

> [W]e need not categorically conclude that failure to post notices is itself sufficient to equitably toll the limitations period. Plaintiffs here

8

> allege more: that defendants actively misled them by failing to post notices and telling them that they were not employees with rights but rather prisoners who could be forced to work for below the minimum wage. These allegations amount to "active misleading" such that equitable tolling applies. *See Hedges v. United States*, 404 F.3d 744, 751 (3d Cir. 2005).

*Burrell*, 60 F.4th at 48.

Here, Plaintiffs have pled a similar scenario. According to their complaint, the opt-in Plaintiffs were placed in a uniquely vulnerable scenario and instructed to perform work without pay. (Am. Compl., Dkt. 19, at 6–9). As in *Burrell*, this alleged misclassification of employees is more relevant than the failure to post FLSA signs. In other words, it is the fact that the opt-in Plaintiffs were mislabeled as volunteers that warrants tolling, not the fact that, as employees, they did not know about their legal FLSA rights. The parties spend much of their briefing addressing whether the opt-in Plaintiffs should be considered employees, and whether the FLSA notices support tolling. (Def.'s Resp., Dkt. 94, at 7–10; Pls.' Reply, Dkt. 95, at 5–6). But this largely misses the point. The requirement to post FLSA signs is about *notice*—parties do not receive constructive notice when an employer fails to post FLSA signs. And a party cannot have notice of its FLSA claims when it is told that it is not an employee at all. Because the opt-in Plaintiffs lacked awareness that the FLSA might cover their work, they qualify for equitable tolling based on their actual date of awareness.

Defendant responds that it did post FLSA notices for its salaried employees at Pathfinders-RTC. (Def.'s Resp., Dkt. 94, at 10). But again, this would only prove relevant if Defendant had informed the opt-in Plaintiffs that they could be considered employees. Moreover, as children with disabilities and few stable family ties, the opt-in Plaintiffs were in a particularly vulnerable position that made them far less likely to recognize being misled about their status as employees. Finally, Defendant argues that the failure to post FLSA signs should not matter because Plaintiffs are not employees. (*Id.* at 7–10). This argument goes to the merits of the case, but does not need to be

9

addressed at what is essentially a pleading-stage motion. If Plaintiffs are ultimately deemed not to have been employees, then their claims under the FLSA will fail. If, however, the Court finds that they were entitled to wages, then it will have prematurely cut short their claims based on a premature assessment of the merits.

### C. Pending Discovery Requests

Defendant also notes that it has several pending discovery requests that may shed light on whether certain opt-in Plaintiffs had actual knowledge of their FLSA claims prior to receiving their opt-in notices. (Def.'s Resp., Dkt. 94, at 13). These requests (and other discovery) may show that some opt-in Plaintiffs had actual knowledge prior to receiving the notice, and the Court may adjust the tolling of their claims accordingly at the summary judgment stage. At the pleading stage, however, it is premature for the Court to consider these discovery responses, and the opt-in Plaintiffs' claims may proceed until evidence is presented showing an earlier date of actual notice for specific individuals.

### III. CONCLUSION

For the reasons stated above, Plaintiffs' motion for equitable tolling, (Mot. Toll., Dkt. 93), is **GRANTED**. The opt-in Plaintiffs' claims are tolled until the date of actual knowledge of their rights. Subject to any further contradictory evidence, the opt-in Plaintiffs shall be deemed to have gained actual knowledge of their rights on the date that they received the court-authorized notice of their right to join this action.

**SIGNED** on May 2, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE