IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| T.S., by and through his next friend, N.O.; and G.A.; *individually and on behalf of all others similarly situated*, | § § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § § | CASE NO. 1:19-cv-809-RP |
| The Burke Foundation d/b/a Burke Center for Youth, | § § § § | |
| *Defendant.* | § § | |

**JOINT MOTION FOR LEAVE TO FILE SETTLEMENT AGREEMENT
WITH PLAINTIFFS' NAMES REDACTED**

TO THE HONORABLE COURT:

The Parties jointly move for leave to file their settlement agreement with the Named and Opt-in Plaintiffs' (collectively, "Plaintiffs") names redacted in order to comply with the Court's Order mandating public accessibility of the agreement (Dkt. 117), while maintaining Plaintiffs' anonymity due to the highly sensitive facts warranting the Court's Order granting Plaintiffs' Motion for Leave to Proceed Anonymously throughout this litigation (Dkt. 8)[1]. In support of this motion, the Parties state:

**I.    ARGUMENT AND AUTHORITIES**

This litigation arose from Plaintiffs' allegation that they performed unremunerated

---

[1]   *See also* Dkt. 50, ¶ 4 (with respect to FLSA Opt-in Plaintiffs, "Plaintiffs' counsel shall file the consent forms with this Court with identifying information redacted. . .").

compensable labor while in custodial care at Defendant's residential treatment center for foster children with severe emotional disorders. (*See* Complaint, Dkt. 1.) Two of the Plaintiffs are still minors, and all Plaintiffs were minors throughout the time they allegedly performed compensable work while in Defendant's custody. The facts discussed in the Complaint and other pleadings in this action concern all Plaintiffs' mental health and behavior when they were children, living under the care of the Texas Department of Family and Protective Services due to traumatic experiences. The publicly-accessible information detailed in the pleadings in this action exposes Plaintiffs' private, intimate familial and psychological histories as children. If Plaintiffs are identified in the public record, these highly sensitive details will follow them into adulthood and could seriously interfere with their efforts to fully build their new lives. These exceptional circumstances justify redacting the Plaintiffs' names from public filings, because "maintaining the Plaintiffs' privacy outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." Dkt. 8 at 4.

Protecting the privacy of children has been specifically cited as a compelling rationale that may justify limiting public access to a settlement agreement. *See, e.g.*, *Davis v. Capital One Home Loans, LLC*, 2020 WL 257349, at *5 (N.D. Tex. May 20, 2020); *Stalnaker v. Novar Corporation*, 239 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003). Here, because Plaintiffs' anonymity has been maintained throughout the proceedings, their special privacy interest can be preserved through simple redaction of their full names from the settlement agreement without sacrificing the public's interest via the more drastic route of sealing. "Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them. The assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a fictitious name." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). Redaction of Plaintiffs' names

does not frustrate the FLSA's remedial goals, because the settlement terms will remain open to public scrutiny, furthering "the public's independent interest in assuring that employees' wages are fair." *Hiser v. NZone Guidance, LLC*, No. 1:18-CV-1056-RP, 2021 WL 2934896, at *1 (W.D. Tex. Jan. 25, 2021) (internal quotations omitted).

## II. CONCLUSION

For the reasons elaborated above, the Parties respectfully request that their motion be granted, and that the Court direct the Clerk to file their redacted settlement agreement, which is attached hereto as Exhibit 1.

Respectfully submitted by:

*/s/ Anna Bocchini*
Anna Bocchini
State Bar No. 24057410
abocchini@equaljusticecenter.org
EQUAL JUSTICE CENTER
314 E Highland Mall Blvd, Suite 401 Austin, TX 78752
(512) 474-0007 ext. 105

Ted Evans
State Bar No. 24099351
tevans@disabilityrightstx.org
DISABILITY RIGHTS TEXAS
6800 Park Ten Boulevard,
Suite 208N
San Antonio, Texas 78213
(832) 681-8224

Peter Hofer
State Bar No. 09777275
phofer@drtx.org
DISABILITY RIGHTS TEXAS
2222 West Braker Lane
Austin, Texas 78758
(512) 454-4816

ATTORNEYS FOR PLAINTIFFS

*/s/ Robert A. Bragalone*
ROBERT A. BRAGALONE
State Bar No. 02855850
BBragalone@grsm.com
GORDON REES
SCULLY MANSUKHANI, LLP
2200 Ross Avenue, Suite 3700
Dallas, Texas 75201
214-231-4660 (Telephone)
214-461-4053 (Facsimile)

ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 14, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

                                                                                   */s/ Anna Bocchini*